IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| CHERYL SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 14-1292-JDT |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On October 23, 2014, the Plaintiff, Cheryl Smith, filed a complaint seeking judicial review of a final decision of the Commissioner denying her application for disability benefits. (ECF No. 1.) The Commissioner filed a motion to dismiss on January 26, 2015, asserting that the complaint was not timely filed. (ECF No. 8.) As matters outside the pleadings have been submitted, the Court will treat the motion to dismiss as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). Plaintiff filed a response in opposition to the Commissioner's motion on February 20, 2015. (ECF No. 9.)

"The United States, as sovereign, is immune from suit save as it consents to be sued . . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941), *quoted in Hercules Inc. v. United States*, 516 U.S. 417, 422-23 (1996). Pursuant to § 405(g):

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by

a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

This method of review is exclusive: "No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided." § 405(h). The sixty-day limit is a condition on the waiver of sovereign immunity by the United States and must be strictly construed. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986).

The Commissioner has submitted the Declaration of Patrick J. Herbst in support of her motion. (Herbst Decl., ECF No. 8-1.)[1] Herbst's Declaration indicates that an Administrative Law Judge ("ALJ") issued a decision on February 28, 2012, denying Plaintiff's claim for disability insurance benefits under Title II of the Social Security Act. (*Id.* at PageID 53, ¶ 3(b); *id.* at PageID 55-67, Ex. 1.) Plaintiff requested review by the Appeals Council, which was denied by a notice dated July 12, 2013. (*Id.* at PageID 53, ¶ 3(b); *id.* at PageID 68-71, Ex. 2.) The Appeals Council's notice advised Plaintiff that a civil action must be filed within sixty days after the date she received it. (*Id.* at PageID 69, Ex. 2.) Plaintiff also was advised that she could ask the Appeals Council for an extension of time to file suit. *Id.*; *see also* 20 C.F.R. § 404.982.

Within sixty days after the Appeals Council's denial of review, Plaintiff filed a complaint for judicial review in the United States District Court for the Middle District of Tennessee. *See Smith v. Social Security Admin.*, No. 3:13-cv-00910 (M.D. Tenn. filed Sept. 10, 2013). Her counsel of record was JoAnn Spinks Coleman, an attorney with the law firm of Hughes & Coleman.[2]

---

[1] Herbst is the Chief of Court Case Preparation and Review Branch 3, of the Office of Appellate Operations, Office of Disability Adjudication and Review. (*Id.* at 1.) He is responsible for the processing of claims under Titles II and XVI of the Social Security Act whenever a civil action is filed in Tennessee. (*Id.* at 3, ¶ 3.)

[2] Plaintiff is currently represented by Robyn Ryan, who is also an attorney with Hughes & Coleman. Ms. Ryan also represented Plaintiff during the administrative proceedings. (*See* ECF No. 8-1 at PageID 57-58, 70-71.)

However, after several months passed with no service of process, United States Magistrate Judge Joe Brown issued an order on April 23, 2014, directing Plaintiff to show cause within fourteen days why he should not recommend dismissal of the case for failure to serve process. *Id.,* No. 3:13-cv-00910, ECF No. 3. There was no response to the show cause order, and Magistrate Judge Brown issued a Report and Recommendation ("R&R") on May 15, 2014, in which he recommended dismissal of the case without prejudice for failure to serve process. *Id.*, ECF No. 4. No objection to the R&R was filed, and the case was dismissed without prejudice by United States Senior District Judge John T. Nixon on June 6, 2014. *Id.*, ECF No. 5. No further action was taken until the complaint was re-filed in this district more than four months later, on October 23, 2014.[3]

The complaint in this Court was filed more than fifteen months after the Appeals Council's denial of review; therefore, this action is untimely. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) (complaint filed one day late "likely would create little prejudice to the Commissioner" in any particular case, but "there are millions of applicants for Social Security benefits each year, and . . . the lack of a clear filing deadline could create havoc in the system"). In her response to the motion to dismiss, Plaintiff asserts only that the motion to dismiss should be denied because it is a "continuation" of the case in the Middle District, which was timely filed. However, as the Commissioner has noted, a dismissal without prejudice does not automatically toll the applicable statute of limitations, a fact which was pointed out by Magistrate Judge Brown in his R&R.

Although Plaintiff does not expressly contend that the statute of limitations should be equitably tolled, the Court will briefly address that issue. Equitable tolling is generally applied

---

[3] Plaintiff did not request the Appeals Council to grant any extension of time to file a civil action. (ECF No. 8-1 at PageID 54, ¶ 3(d).)

"only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 560-61 (6th Cir. 2000). Factors to be considered include, but are not limited to, the plaintiff's lack of actual or constructive notice of the filing requirement, the plaintiff's diligence in pursuing her rights, the absence of prejudice to the defendant, and the plaintiff's reasonableness in remaining ignorant of the notice requirement. *See Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998).

In this case, Plaintiff was aware of the filing requirement. She does not dispute that she received the Appeals Council's notice of denial of review, and the complaint in the Middle District was filed within the sixty-day deadline. However, her counsel of record failed to take any action to prosecute that case, which resulted in dismissal. No extension was requested from the Appeals Council, and several more months passed before the attempt at re-filing. The Social Security Administration's actions did not cause or contribute to these failures.

Under these circumstances, the Court finds there are no circumstances that warrant equitable tolling of the sixty-day limitations period. Therefore, the Commissioner's motion for summary judgment is GRANTED. The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                            s/ **James D. Todd**
                                            JAMES D. TODD
                                            UNITED STATES DISTRICT JUDGE